UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERNA EVANS and
HILTON EVANS,

        Plaintiffs,

v.                                       Case No. 16-11569
                                       Honorable Denise Page Hood

EMMILY WATSON, ABBY L.
ADAMS, and PNC BANK,

        Defendants.
_____/

**ORDER GRANTING DEFENDANTS'
MOTION FOR LEAVE TO SUPPLEMENT
THE RECORD [# 29], DISMISSING
PLAINTIFFS' CAUSE OF ACTION WITHOUT
PREJUDICE, AND DENYING AS MOOT WILSON'S
MOTION FOR PROTECTIVE ORDER [#11] AND
PLAINTIFFS' MOTIONS FOR INJUNCTIVE RELIEF [#17 AND 19]**

**I.    INTRODUCTION**

Plaintiff filed this cause of action on May 2, 2016, alleging that Defendants committed or engaged in fraud by causing 1,576 shares of DTE stock (the "DTE Stock") to be awarded to Defendant Emmily F. Wilson ("Wilson") rather than to Plaintiff Verna Evans ("Verna Evans"). On June 23, 2016, Wilson filed a Motion for Protective Order [Dkt. No. 11], to which Plaintiff filed a response. On July 5, 2016 and July 6, 2016, Plaintiffs filed an Emergency Motion for Injunctive Relief and

1

Motion for Injunctive Relief [Dkt. Nos. 17 and 19, respectively], and the parties have fully briefed those motions. On August 2, 2016, Defendants filed a Motion for Leave to Supplement the Record [Dkt. No. 29], to which Plaintiffs have responded. For the reasons that follow, the Court: (1) grants Defendants' Motion for Leave to Supplement to Record; (2) dismisses Plaintiffs' cause of action; and (3) denies as moot Wilson's Motion for Protective Order and Plaintiffs' Motions for Injunctive Relief.

## II.  BACKGROUND

Plaintiffs are husband and wife, and Verna Evans is the daughter of Clarence V. Ellison and the half-sister of Wilson. At some point, Verna Evans opened joint savings and checking accounts with Clarence V. Ellison at Defendant PNC Bank. Clarence V. Ellison was the original holder of the DTE Stock, but, according to Plaintiffs, Violet Ellison (wife of Clarence V. Ellison and mother of Wilson) added Wilson as a joint tenant in the DTE Stock (with Clarence V. Ellison and Violet Ellison) on or about May 1, 1996. Violet Ellison died in 2009, and Plaintiffs allege that Clarence V. Ellison was displeased that Wilson had been added as a joint tenant in the DTE Stock because he had been estranged from her for 40 years. Plaintiffs allege that Clarence V. Ellison sought to have Verna Evans (his only child) be the beneficiary of the DTE Stock, as set forth in his will, and sought the help of Plaintiff

Hilton Evans to accomplish that goal.

According to Plaintiffs, PNC Bank contacted Adult Protective Services regarding possible financial exploitation in 2011, but that investigation ended without a finding of exploitation and was closed. Clarence V. Ellison died on October 16, 2015, and the Evans and Wilson have been battling over the DTE Stock ever since. Wilson obtained a stay of probate proceedings in Wayne County Probate Court in January 2016, and matters have continued in that court ever since. Significantly, at the time this cause of action was filed, a proceeding involving the DTE Stock was ongoing in the Wayne County Probate Court. On July 6, 2016, as memorialized in a July 21, 2016 written Order, Wayne County Probate Court Judge Judy A. Hartsfield ("Judge Hartsfield") awarded the DTE Stock to Wilson. Verna Evans filed an "Objection" to Judge Hartsfield's ruling, and a hearing on that Objection is scheduled for August 31, 2016.

### III. ANALYSIS

#### A. Motion to Supplement the Record

Defendants seek to supplement their response to Plaintiffs' motions for injunctive relief by adding to the record the July 21, 2016 written Order issued by Judge Hartsfield that supports her oral ruling on July 6, 2016 (which both parties reference in their briefs regarding Plaintiffs' motion for injunctive relief). Plaintiffs

argue the motion for leave to supplement the record should be denied because, Plaintiffs' believe, the Wayne County Probate Court did not have subject matter jurisdiction to grant that Order (or consider the issue of the DTE Stock), rendering the July 21, 2016 Order void. Plaintiffs argue that Defendants' motion to supplement the record is premature because: (a) Plaintiffs have a pending Objection to the July 21, 2016 Order, and (b) the hearing on the Objection is scheduled for August 31, 2016. Plaintiffs assert they will be irreparably harmed if Defendants' motion for leave to supplement the record is granted.

The Court grants Defendants' motion for leave to supplement the record. First, the document Defendants seek to add to the record had not been created and was not available at the time Defendants' filed their response to Plaintiffs' motions for injunctive relief. Second, the July 21, 2016 Order merely sets forth in writing the oral ruling issued by Judge Hartsfield on July 6, 2016. Third, the July 21, 2016 Order is relevant to Plaintiffs' motion for injunctive relief. Fourth, the July 21, 2016 Order bears on the issue of whether the Court should even consider Plaintiffs' cause of action, as discussed below.

**B.    Plaintiffs' Motions for Injunctive Relief**

Plaintiffs' initial motions and briefs for injunctive relief consisted of nothing more than a series of conclusory statements that paralleled the requirements for

issuing injunctive relief. Plaintiffs offered no factual basis for granting relief. In their response, Defendants noted the factual and legal deficiencies of Plaintiffs' motions and argued that the Court lacks subject matter jurisdiction pursuant to the Anti-Injunction Act, 28 U.S.C. 2283. The Anti-Injunction Act provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect and effectuate its judgments.

*Id.* Plaintiff offers no argument that the present action falls within an exception to the Anti-Injunction Act, that staying the proceedings in the Wayne County Probate Court is necessary to aid this Court in its jurisdiction, or that there are any judgments of this Court to protect or effectuate.

In their reply, Plaintiffs set forth the appropriate injunctive standard, which requires a court to consider the following four factors in determining whether a plaintiff is entitled to preliminary injunctive relief:

> (1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits;
>
> (2) whether the movant has shown that he or she would suffer irreparable harm if the preliminary relief is not issued;
>
> (3) whether the issuance of a preliminary injunction will not cause substantial harm to third parties; and
>
> (4) whether the public interest would be served by the issuance of a preliminary injunction.

*Sandison v. Michigan High School Athletic Association, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *UASCO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982); *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). The standard for preliminary injunction is not a rigid and comprehensive test, and the four factors are to be balanced, not prerequisites that must be satisfied, but instead "these factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.* 963 F.2d 855, 859 (6th Cir. 1992).

In their reply, Plaintiffs first argue that, contrary to Defendants' suggestion, this Court cannot lack subject matter jurisdiction because of the pending Wayne County Probate Court cause of action. Plaintiffs contend that the Wayne County Probate Court did not have jurisdiction to determine the title interest in the DTE Stock because there was no joint tenancy. Plaintiffs argue that Wilson's interest in the DTE Stock only existed due to fraud by the Defendants that put Wilson's name on the DTE Stock that should have gone to Verna Evans as Clarence V. Ellison's sole heir.

Second, Plaintiffs argue that, when there is an ongoing federal suit that is threatened by a parallel state proceeding, the party to the federal proceeding can move for an injunction in the federal proceeding. Plaintiffs do not cite any binding authority to support their contention. Their contention also is inconsistent with the undisputed

facts in the record that show that the Wayne County Probate Court proceeding was ongoing prior to the date Plaintiffs filed this federal action.

Third, Plaintiff argues that in the case of joint tenants, property passes to the surviving owners on death of a joint owner but, during lifetime, any joint owner can pledge or sell the undivided interest held by that joint owner, without the consent of the other joint owner(s). Plaintiffs do not cite any authority for this statement.

Plaintiffs argue that they would be irreparably harmed if Judge Hartsfield is allowed to award the DTE Stock to Wilson. Plaintiffs also argue that Defendants have committed fraud upon the Court, but Plaintiffs do not offer evidence to show that Plaintiffs are likely to succeed on the merits.

As Plaintiffs are specifically asking the Court to enjoin Judge Hartsfield from taking any action in the Wayne County Probate Court, the Court concludes that it lacks subject matter jurisdiction pursuant to the Anti-Injunction Act. The Court also concludes that because the state court proceedings in the Wayne County Probate Court are ongoing, this Court should abstain from addressing any issue pending in that court.

In *Younger v. Harris,* 401 U.S. 37, 44 (1971), the U.S. Supreme Court first affirmed the need for federal courts to abstain from interfering with ongoing state criminal proceedings. The *Younger* court emphasized that "extraordinary

circumstances must be present to justify federal injunctive relief against state criminal prosecutions." *Younger*, 401 U.S. at 46. Subsequently, the abstention required by *Younger* was extended to civil proceedings in state court. *Huffman, et al. v. Pursue, LTD,* 420 U.S. 592, 595 (1975). In reaching this conclusion, the *Huffman* court recognized "the component of *Younger* which rests upon the threat to our federal system is thus applicable to a civil proceeding such as this quite as much as it is to a criminal proceeding." *Huffman,* 420 U.S. at 604.

The Sixth Circuit has identified specific factors to be applied by this Court when determining whether abstention is required. Those factors are: (1) whether the underlying proceedings constitute an ongoing state judicial proceeding; (2) whether the proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise that challenge. *Tindall v. Wayne County Friend of the Court,* 269 F.3d 533, 538 (6th Cir. 2001).

As to the first factor, Plaintiffs filed an Objection to the July 21, 2016 Order issued by Judge Hartsfield. Based on their Objection, the key issues Plaintiffs seek to litigate before this Court are the same issues Plaintiffs are trying to litigate in the Wayne County Probate Court–namely, whether Defendants engaged in fraud to deny Verna Evans the right to the DTE Stock.

Second, the relief Plaintiffs request here would require this Court to usurp the

Wayne County Probate Court's jurisdiction to decide important state interests related to property and probate rights. It is well-established that probate proceedings are handled by state courts, not federal courts, and the propriety of determining probate rights is a matter of state law, not federal law. *See, e.g., Marshall v. Marshall*, 547 U.S. 293, 307 (1946) ("a federal court has no jurisdiction to probate a will or administer an estate . . .").

Third, Plaintiffs have had, and continue to have, an adequate opportunity in the ongoing state proceedings to raise any of the challenges that they assert in this cause of action. The Court also notes that the adversarial proceedings began in the Wayne County Probate Court months before filed their cause of action in this Court. In this federal court action, a scheduling conference has never even been set.

For the foregoing reasons, the Court finds that the interests of justice weigh heavily in favor of allowing the issues regarding the DTE Stock to be addressed in the proceedings before the Wayne County Probate Court. The Court concludes that the abstention doctrine compels this Court to abstain from interfering with the related ongoing state court proceedings in the Wayne County Probate Court.

Based on the Anti-Injunction Act and the *Younger* abstention doctrine, the Court dismisses Plaintiffs' cause of action, without prejudice.

## C. Moot Motions

Because the Court is dismissing Plaintiffs' cause of action, the Court denies as moot Plaintiffs' motions for injunctive relief and Wilson's motion for protective order.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that: (1) Defendants' Motion for Leave to Supplement the Record [Dkt. No. 29] is **GRANTED**; (2) Plaintiffs' cause of action is **DISMISSED WITHOUT PREJUDICE**; and (3) Plaintiffs' Emergency Motion for Injunctive Relief and Motion for Injunctive Relief [Dkt. Nos. 17 and 19] and Defendants' Motion for Protective Order [Dkt. No. 11] are **DENIED AS MOOT**.

IT IS SO ORDERED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 30, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 30, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager